Filed 3/18/13  P. v. Cantu CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GREGORY CANTU,<br><br>        Defendant and Appellant. | C071224<br><br>(Super. Ct. No. CRF112243) |

Appointed counsel for defendant Gregory Cantu asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We will modify the judgment to reflect that defendant is awarded 48 days of presentence conduct credit pursuant to Penal Code section 2933.1,[1] not section 4019.  We will also direct the trial court to amend the abstract of judgment to

---

[1] Undesignated statutory references are to the Penal Code.

reflect the judgment as modified, and to correct the abstract of judgment to reflect orally pronounced fines of $240, not $200, pursuant to sections 1202.4 and 1202.45.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I

Because the matter was resolved by plea, the facts are taken from the probation officer's report.  The seven-year-old victim told her mother that defendant (her uncle) made her touch and squeeze his private parts one night while he was babysitting her.

Defendant pleaded no contest to lewd acts with a child under age 14 (§ 288, subd. (a)) in exchange for dismissal of counts alleging forcible lewd acts with a child under age 14 (§ 288, subd. (b)(1)) and distribution or exhibition of lewd material to a minor (§ 288.2, subd. (a)), plus dismissal of an unrelated case (No. 11-3102).

The trial court sentenced defendant to the stipulated term of six years in state prison, awarded him 321 days of presentence custody credit and 48 days of presentence conduct credit, ordered him to register as a sexual offender (§ 290), and ordered him to pay a $240 restitution fine (§ 1202.4), a $240 parole revocation fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Our review of the record indicates that in orally pronouncing sentence, the trial court correctly awarded defendant 48 days of presentence conduct credit (15 percent of his custody credit), but mistakenly described it as section "4019" credit.  Defendant's

2

offense is a violent felony, and section 2933.1 limits his conduct credit to 15 percent of his custody credit.  (§§ 667.5, subd. (c)(6), 2933.1, subd. (a).)  The reference to section 4019 was carried forward to the abstract of judgment, where the box for section 4019 was checked and the box for section 2933.1 was not checked.

We will modify the judgment to reflect that defendant is awarded 48 days of presentence conduct credit pursuant to section 2933.1, not section 4019, and we will direct the trial court to amend the abstract of judgment accordingly.

Our review also shows that the abstract of judgment incorrectly indicates $200 fines pursuant to sections 1202.4 and 1202.45.  We will direct the trial court to correct the abstract to reflect the orally pronounced fines of $240.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to reflect that defendant is awarded 48 days of presentence conduct credit pursuant to section 2933.1.  The judgment is affirmed as modified.  The trial court is directed to amend the abstract of judgment to reflect the judgment as modified, to correct the abstract of judgment to reflect a restitution fine of $240 pursuant to section 1202.4 and a parole revocation fine of $240 pursuant to section 1202.45, and to forward a certified copy of the amended and corrected abstract of judgment to the California Department of Corrections and Rehabilitation.


            MAURO           , J.

We concur:


        RAYE        , P. J.


        HULL       , J.

3